

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00104-CR

Hector Edmundo **PINTO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2005CR1598
Honorable Mary D. Roman, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:    Karen Angelini, Justice
Marialyn Barnard, Justice
Rebeca C. Martinez, Justice

Delivered and Filed:  October 2, 2013

MOTION TO WITHDRAW GRANTED; AFFIRMED

In 2006, pursuant to a plea agreement, appellant Hector Edmundo Pinto pled nolo contendere to the offense of indecency with a child by contact.  The trial court, in accordance with the plea agreement, sentenced Pinto to five years deferred adjudication probation.  As a condition of his probation, Pinto, who was not a United States citizen, was required to immediately leave the country or be deported, and was further ordered not to illegally re-enter the country.

In 2009, the State filed a motion to adjudicate Pinto guilty and revoke his probation, claiming Pinto had violated his probation by illegally re-entering the United States after his

deportation. At the revocation hearing, Pinto testified and pled true to the State's allegation that he had illegally re-entered the country. The trial court found the State's allegation true. Based on a plea agreement, the trial court sentenced Pinto to three years confinement in the Texas Department of Criminal Justice–Institutional Division. Pinto then perfected this appeal.

Pinto's court-appointed appellate attorney filed a motion to withdraw and a brief in which he raises no arguable points of error and concludes this appeal is without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978), and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Counsel provided proof Pinto was given a copy of the brief and motion to withdraw and was informed of his right to review the record and file his own brief. Pinto filed a brief on his own behalf in which he alleges his counsel was ineffective during his original plea of nolo contendere because he failed to advise Pinto of the full consequences of his plea. He also complains about the delay in his original deportation, which apparently resulted in his inability to return to Guatemala before his father's death.

When an *Anders* brief and a subsequent pro se brief are filed, we must review the entire record and determine (1) the appeal is without merit and issue an opinion explaining there is no reversible error, or (2) there are arguable grounds for appeal and issue an opinion remanding the cause to the trial court for appointment of new appellate counsel. *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009) (citing *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (holding court of appeals may address merits of issues raised by pro se only after any arguable grounds have been briefed by new appointed counsel)).

We have carefully reviewed the record, counsel's brief, and Pinto's brief and find no reversible error and agree with counsel the appeal is without merit. *See id.* We therefore grant the motion to withdraw filed by Pinto's appointed counsel and affirm the trial court's judgment. *See*

*id.*; *Nichols v. State*, 954 S.W.2d 83, 86 (Tex. App.—San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.).

No substitute counsel will be appointed. Should Pinto wish to seek further review of this case in the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a *pro se* petition for discretionary review. Any petition for discretionary review must be filed within thirty days after either the day our judgment is rendered or the day the last timely motion for rehearing or timely motion for en banc reconsideration is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See id.* R. 68.3. Any petition for discretionary review must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* R. 68.4.

Marialyn Barnard, Justice

Do Not Publish